Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| AMADOR GAMEZ, | ) | CASE NO. B-09-09513-PHX-GBN |
| | ) | |
| | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | |
| | ) | RE: CHAPTER 13 PLAN |
| (Debtor(s) | ) | |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b.  Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d.  The Trustee requires that any proposed Order Confirming Plan state:  "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f.  At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

g.    At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1.    Reyna and Pedro Diaz has filed an objection to the Plan. The Trustee requires the objection to be resolved prior to confirmation of the Plan.

2.    The Plan proposes payment of a secured claim to Capital One who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor(s)' security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides language as follows: "The Trustee has authority to pay on the secured debt owed to Capital One even though the creditor has filed no secured proof of claim, but the Plan and this Order are not to be considered an informal proof of claim for any creditor." If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed Order Confirming Plan <u>after</u> filing a motion and providing 25 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

3.    The Proof of Claim filed by Bank of America (mortgage) differs substantially by classification and/or amount from this creditor's treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

4.    The Trustee requires the debtor file a revised Plan Analysis/Chapter 7 Reconciliation Form 13-2 to account for additional non-exempt funding held in debtor's bank account in the amount of $67,502.55. Considering all non-exempt property, the debtor's plan must be confirmed at 100% repayment to all valid creditors.

5.    The Trustee has sent the Debtor a business package, which contained a Business Questionnaire, a Schedule of Accounts payable and two Monthly Business Operating Statements (BOS). The Debtor must complete and return the Questionnaire and a List of Current Trade Creditors to the Trustee within twenty (20) days. The Debtor must file Monthly Business Operating Statements with the Court with a copy to the Trustee for the months of May through July 2009. The Debtor should note that this is a monthly filing requirement, with statements to be filed on or before the 15th of each month, covering self-employment income and expenses for the month prior.

6.    Plan payments are currently delinquent $2,800 with a payment of $1,400 coming due August 4, 2009.

7.    The Trustee requires a **completed** and **signed** copy of Debtor(s) 2008 State and Federal tax returns, W-2's and 1099's.  The Trustee informs the debtors that should these returns reveal significant tax refunds, if allowed to continue, this would constitute a diversion of disposable income.  In that case, the Trustee would require the Debtor(s) adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over tax refunds for the second and third year of the Plan as supplemental Plan payments.

       In summary, Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval.  General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $35,544 or 100% of related debts, subject to timely filed and allowed claims.  Chapter 7 reconciliation requirement will be met given debtors' equity in non-exempt property at petition date.  **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item #4, #5, #6, #7 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated:  [see electronic signature]

_____
            Edward J. Maney, Trustee

Copies of the forgoing
Mailed on [see electronic signature],
to the following:

Amador Gamez
10779 W. Encanto Blvd.
Avondale, AZ 85392
Debtor

Steven M. Brechner, Esq.
4545 E. Shea Blvd.
Suite #120
Phoenix, Arizona 85025
Debtor's counsel

By:_____
    Trustee's Clerk